UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JOHN TURNER,

                Plaintiff,                14 Civ. 7236

   -against-                              OPINION

CITY OF NEW YORK, C.O. ROCKWELL, C.O.
SCOTT, C.O. ELLIS, C.O. PLASKETT, and
JOHN DOE CORRECTION OFFICER,

                Defendants.

------------------------------------------X

A P P E A R A N C E S:

        Plaintiff appears <u>pro se</u>

        <u>Attorneys for the City of New York</u>

        NEW YORK CITY LAW DEPARTMENT
        100 Church Street
        New York, NY 10007
        By:  Daniel Guillermo Saavedra, Esq.

Plaintiff John Turner, a prisoner at Sing Sing Correctional Facility, proceeding pro se, has moved pursuant to Rule 55 of the Federal Rules of Civil Procedure for a default judgment against the Defendants, the City of New York and five correctional officers allegedly involved in an attack on him on May 15, 2013 at the Anna M. Kross Center on Rikers Island.  For the reasons stated below, the motion is denied.

**Prior Proceedings**

Plaintiff filed a Complaint on September 5, 2014, alleging that the four named correctional officers, along with an officer whose name he did not know (the "Correction Officer Defendants"), kicked, punched, and pepper sprayed him during an incident on May 15, 2013.  (Dkt. No. 2)  Efforts to serve the various Defendants are ongoing – although service has been made on the City (Dkt. No. 7) and correctional officer Plaskett (Dkt. No. 12), the City has not been able to find and serve the other officers.  (Dkt. No. 13.)  On April 3, 2015, the City moved for an extension of time to file an Answer, stating that it needed time to investigate Plaintiff's allegations and noting that several of the Correction Officer Defendants had not yet been served.  (Dkt. No. 9.)  The Court granted the motion on April 7, 2015, setting a new deadline of June 5, 2015 for the City to

file its responsive pleading.  (Dkt. No. 10.)  On April 23, 2015, the Court issued an order directing the City to help the Plaintiff identify and serve the remaining Correction Officer Defendants, pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997).  On May 4, the Plaintiff filed the instant motion, declaring that there was "no reason for extension on the answer" and requesting a default judgment against the Defendants, or other sanctions.

**Applicable Standard**

Pursuant to Rule 55(a), a default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  The decision whether to enter a default judgment is "committed to the district court's discretion."  Greathouse v. JHS Sec., Inc., No. 12-4521-cv, 2015 WL 1781036, at *10 (2d Cir. Apr. 20, 2015).  Similarly, Rule 6(b) allows the Court to extend the deadline to file an Answer "for good cause," which is also a discretionary decision. Garcia v. Goord, No. 01CIV797, 2002 WL 272418, at *1 (S.D.N.Y. Feb. 26, 2002).

**Analysis**

As an initial matter, a default judgment is not warranted because the Defendants are not in default. See Docket No. 10 (setting the City's deadline to file an answer on June 5, 2015; Docket No. 12 (setting correctional officer Plaskett's deadline to file an Answer on June 15, 2015); Docket No. 13 (noting that the additional Correction Officer Defendants have not yet been served); Fed. R. Civ. P. 12(a)(1)(A) (establishing that the time to file an Answer is only triggered by service of the summons and complaint). Even if the Defendants had defaulted, the decision to impose a default judgment is a discretionary one, and the Court sees no good cause whatsoever to impose such a drastic sanction. See Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (noting that a default judgment is a "most severe" sanction, but within the discretion of the trial court).

While the Plaintiff may disagree with the Court's decision to grant the Defendants an extension of time to respond to his Complaint, Rule 6(b) places the decision within the Court's discretion, and the grounds cited by the City for an extension were eminently reasonable. See Garcia, 2002 WL 272418, at *1 (approving denial of default judgment where the Court granted the State additional time to file an Answer while investigating the plaintiff's claims and several named defendants had not yet been served). The City is entitled to receive sufficient time

to investigate the Plaintiff's allegations, identify the Correctional Officer Defendants, determine whether to represent them, and file a response to the Plaintiff's pleading. The Plaintiff's objection to the City's need for more time is particularly brazen when the Law Department is currently engaged in identifying the remaining unserved Correction Officer Defendants on his behalf, pursuant to the April 23 Valentin order. Although the Plaintiff, like most litigants, would prefer that his adversaries have the minimum possible time to respond, considerations of fairness and practicality apply as much to the City as they do to any other party. The request for a default judgment is denied.

## Conclusion

The Plaintiff's Motion for a default judgment is denied. The deadline for the City to respond to his Complaint remains set for June 5, 2015. The deadline for Officer Plaskett to respond to his complaint remains set for June 15, 2015.

It is so ordered.

New York, NY
May 8, 2015

_____
ROBERT W. SWEET
U.S.D.J.